IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALLEN NEIGHBORS,

    Plaintiff,                             No. CIV S-05-0156 GEB GGH P

    vs.

QUENTIN CAMPBELL, et al.,

    Defendants.                     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint. For the following reasons, the court recommends that this action be dismissed.

        Named as defendants are Parole Agent Campbell and Board of Prison Terms member Francisco. Plaintiff alleges that in March 1993, defendant Campbell revoked his parole. In April 1993 a revocation hearing was held before defendant Francisco. Prior to the hearing, defendant Francisco asked defendant Campbell what he wanted to do. Defendant Campbell responded that plaintiff's parole should be violated because it would get him off the street and reduce defendant's caseload. During the hearing, defendant Francisco indicated that he had no knowledge of plaintiff's prior conviction and revoked plaintiff's parole based solely on the recommendation of defendant Campbell. Plaintiff alleges that he was not allowed an opportunity

to defend against the charges on which defendant Campbell originally revoked his parole, of which he was not guilty.

Parole board officials are entitled to absolute quasi-judicial immunity for decisions to "'grant, deny, or revoke parole.'" Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 1994)(quoting Sellars v. Procunier, 641 F.3d 1295, 1303 (9th Cir. 1981). Accordingly, the claims against defendant Francisco must be dismissed because he is entitled to absolute quasi-judicial immunity.

As for parole officers, like defendant Campbell, the Ninth Circuit found that they are not entitled to absolute immunity for conduct "'taken outside an officials's adjudicatory role[,]' or 'arising from their duty to supervise parolees.'" Id. at 1191 (quoting Anderson v. Boyd, 714 F.2d 906, 909-910 (9th Cir. 1983). A parole officer who adjudicates parole decisions is entitled to quasi-judicial immunity for those decisions, and actions integral to those decisions. Id.

Plaintiff is claiming that defendant Campbell conspired with defendant Francisco to find that he violated the terms of his parole based on improper reasons. Because plaintiff is alleging a conspiracy between defendant Campbell and Francisco to revoke his parole, defendant Campbell is entitled to absolute quasi-judicial immunity. The claims against defendant Campbell are not based, for example, on his supervision of plaintiff. Id. at 1191. Nor are the claims against defendant Campbell based on his recommendation that the Board of Prison Terms initiate revocation proceedings. Swift, 384 F.3d at 1193. Plaintiff's claim against defendant Campbell is based on his alleged direct participation in the decision to revoke plaintiff's parole. Id. at 1189. For these reasons, the court finds that defendant Campbell should be dismissed because he is entitled to absolute quasi-judicial immunity.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.[1]

---

[1] Of course, if this were a habeas action, and plaintiff was contesting his revocation based on the lack of "some evidence," the action would proceed. Moreover, if plaintiff had requested

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3   days after being served with these findings and recommendations, plaintiff may file written
4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7   F.2d 1153 (9th Cir. 1991).

DATED:  10/30/06                                         /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
neigh156.dis

---

25  injunctive relief related to certain procedures to be used at future hearings, the case might
    proceed on the injunctive relief basis.  This is not a habeas action, and plaintiff has not requested
26  injunctive relief germane to the actions of which he complains.  Dismissal is proper.